UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District of Texas
FILED

AUG 30 2016

David J. Bradley, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. **M-16-1294** |
| PEDRO GARCIA,<br>          Defendant | § | UNDER SEAL |

## INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

### THE MEDICARE PROGRAM

1. The Medicare program (Medicare) is a federally funded health care program designed to provide medical care to individuals over age 65 and individuals with disabilities. Medicare is administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the U.S. Department of Health and Human Services (HHS). Medicare is a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

2. Medicare is divided into multiple Parts: Medicare Part A (hospital insurance) and Medicare Part B (medical insurance). Medicare Part A covers inpatient hospital, inpatient skilled nursing, inpatient hospice, and some home health care services. Medicare Part B covers physician's services and outpatient beneficiary care, including some home health care services. Among the types of reimbursable medical assistance available to covered persons is Home Health Care.

3. Individuals who qualify for Medicare benefits are commonly referred to as "beneficiaries." Each beneficiary is given a Medicare identification number, referred to as a

1

Health Insurance Claim Number (HICN).

4. Home Health companies, pharmacies, physicians, and other health care providers that provide services to Medicare beneficiaries are referred to as "providers." To participate in Medicare, a provider is required to submit an application in which the provider agrees to comply with all Medicare related laws and regulations. If Medicare approves a provider's application, Medicare assigns the provider a National Provider Identification (NPI) number. A health care provider with a Medicare NPI number can file claims with Medicare to obtain reimbursement for medically necessary services rendered to beneficiaries.

5. Once Medicare approves a provider's application, the provider is supplied with a current copy of the Medicare Part A and Part B Provider Manuals. In addition, Medicare provides further guidance and updates in the form of bulletins and newsletters which are distributed to health care providers. The Medicare Provider Manuals, bulletins, and newsletters contain the laws, rules, and regulations pertaining to Medicare-covered services including those rules and regulations regarding the requirements pertaining to providing and billing for home health care.

## THE DEFENDANT

6. Defendant PEDRO GARCIA, a resident of Hidalgo County, Texas and Nueces County, Texas, was licensed as a physician in the state of Texas and practices medicine in the McAllen Division and throughout the Southern District of Texas.

7. On or about January 1, 2002, defendant PEDRO GARCIA became enrolled as a provider in the Medicare program.

8. Defendant PEDRO GARCIA submitted or caused others to submit false and fraudulent claims to Medicare for home health services which were not provided, were not medically necessary, and/or were initiated through fraudulent means, namely through illegal kickbacks.

## COUNT ONE
## CONSPIRACY TO COMMIT HEALTH CARE FRAUD
## (18 U.S.C. § 1349)

9. The Grand Jury incorporates by reference paragraphs 1 through 8 as though fully restated and re-alleged herein.

10. Beginning in or about 2014 through in or about 2016, in the McAllen Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendant,

## PEDRO GARCIA

did conspire and agree with other persons known and unknown to the Grand Jury, to knowingly and willfully, in violation of Title 18, United States Code, Section 1347, execute a scheme and artifice to defraud the health care benefit program known as Medicare or to obtain, by false or fraudulent pretenses, representations, or promises, any of the money and or property owned by or under the control of said health care benefit programs in connection with the delivery of or payment for health care benefits, items, and medical services.

All in violation of Title 18, United States Code, Section 1349.

## OBJECT OF CONSPIRACY

11. The object and purpose of the conspiracy and scheme was to defraud the health care benefit program known as Medicare, and to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or

3

control of the health care benefit program known as Medicare, in connection with the delivery of, or payment for, health care benefits, items, or medical services.

## MANNER AND MEANS

12. In order to execute and carry out their illegal activities, defendant PEDRO GARCIA conspired with others and committed, aided and abetted the commission, or otherwise caused others to commit, one or more of the following acts:

(a) In violation of Medicare guidelines and the anti-kickback statute, defendant PEDRO GARCIA and his co-conspirators executed a scheme whereby they solicited and obtained illegal kickbacks, specifically cash money, in exchange for patient referrals to prospective home health agencies. It was the object of the scheme to defraud for the defendant to unlawfully enrich himself by receiving kickbacks in exchange for the referral of Medicare beneficiaries, whose information would be used by home health agencies to bill Medicare for a variety of health care items and/or services.

(b) Defendant PEDRO GARCIA illegally solicited and was paid cash money by his co-conspirators for Medicare patient referrals. Additionally, the defendant signed 485-Forms, containing patients' identifying information and Medicare numbers, for patients he did not treat or provide services.

(c) Defendant PEDRO GARCIA submitted or caused others to submit claims to Medicare for reimbursement of home health services that were not provided. The defendant signed 485-Forms for patients he did not treat or provide services to and conveyed the forms to home health agencies, claiming he had treated or provided services to the patients. The defendant filed or caused others to file claims with Medicare knowing that said claims were false and fraudulent since home health services were not provided.

Additionally, it was a reasonably foreseeable consequence that the home health agencies would also submit claims with Medicare based upon the fraudulent home health referral forms conveyed to them by the defendant.

(d) During and in relation to their fraudulent conduct, defendant PEDRO GARCIA and his co-conspirators knowingly transferred, possessed, or used or knowingly caused others to transfer, possess, or use, without lawful authority, one or more means of identification of Medicare beneficiaries which he and/or his co-conspirators used to execute their scheme and artifice to commit health care fraud.

## COUNTS TWO THROUGH FIVE
## HEALTH CARE FRAUD
## (18 U.S.C. § 1347)

13. The Grand Jury incorporates by reference paragraphs 1 through 8 and paragraph 12 as though fully restated and re-alleged herein.

14. Beginning in or about 2014 through in or about 2016, in the McAllen Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendant,

**PEDRO GARCIA**

did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud the health care benefit program known as Medicare, or to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as Medicare, in connection with the delivery of, or payment for, health care benefits, items, or services. The defendant submitted, aided, abetted, counseled, commanded, induced, procured or otherwise facilitated and caused others or attempted to cause others to submit false and fraudulent claims to Medicare, for medical benefits, items, and services which were not provided, including, but not limited to the following:

| Count | Patient | Last 4 Digits of Patient Medicare Number | Date of Alleged Service (On or about) | Date Billed (On or about) | Amount Billed | Amount Paid |
|---|---|---|---|---|---|---|
| 2 | W.C. | 740A | 9/24/15 | 10/21/15 | $350.03 | $180.22 |
| 3 | C.R. | 490A | 9/24/15 | 10/21/15 | $325.02 | $209.68 |
| 4 | C.Y. | 494A | 9/17/15 | 10/21/15 | $270.02 | $176.40 |

| Count | Patient | Last 4 Digits of Patient Medicare Number | Date of Alleged Service (On or about) | Date Billed (On or about) | Amount Billed | Amount Paid |
|---|---|---|---|---|---|---|
| 5 | W.B. | 299A | 9/16/15 | 10/26/15 | $325.02 | $209.68 |

All in violation of Title 18, United States Code, Section 1347.

## COUNTS SIX THROUGH NINE
## AGGRAVATED IDENTITY THEFT
## (18 U.S.C. § 1028A)

15. The Grand Jury incorporates by reference paragraphs 1 through 8 and paragraph 12 as though fully restated and re-alleged herein.

16. Beginning in or about 2014 through in or about 2016, the exact dates being unknown to the Grand Jury, in the McAllen Division of the Southern District of Texas and elsewhere, the defendant,

**PEDRO GARCIA**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, Health Care Fraud, did knowingly transfer, possess, or use or cause others to transfer, possess, or use, without lawful authority, a means of identification of another person, including but not limited to the following:

| Count | Patient | Last 4 Digits of Patient Medicare Number | Date of Alleged Service (On or about) | Date Billed (On or About) | Means of ID Used Without Lawful Authority on False and Fraudulent Claim |
|---|---|---|---|---|---|
| 6 | W.C. | 740A | 9/24/15 | 10/21/15 | Patient's identifying information and/or Medicare Number |

| Count | Patient | Last 4 Digits of Patient Medicare Number | Date of Alleged Service (On or about) | Date Billed (On or About) | Means of ID Used Without Lawful Authority on False and Fraudulent Claim |
|---|---|---|---|---|---|
| 7 | C.R. | 490A | 9/24/15 | 10/21/15 | Patient's identifying information and/or Medicare Number |
| 8 | C.Y. | 494A | 9/17/15 | 10/21/15 | Patient's identifying information and/or Medicare Number |
| 9 | W.B. | 299A | 9/16/15 | 10/26/15 | Patient's identifying information and/or Medicare Number |

All in violation of Title 18, United States Codes, Section 1028A.

## COUNTS TEN THROUGH TWELVE
## ILLEGAL REMUNERATIONS
## (42 U.S.C. § 1320a-7(b)(b)(1)(A))

17. The Grand Jury incorporates by reference paragraphs 1 through 8 and paragraph 12 as though fully restated and re-alleged herein.

18. Beginning in or about 2014 through in or about 2016, in the McAllen Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendant,

**PEDRO GARCIA**

did knowingly and willfully solicit and/or receive remuneration, including a kickback, bribe, and rebate, directly or indirectly, overtly or covertly, in cash or in kind, in exchange for the referral of Medicare beneficiaries, for the furnishing and the arranging of the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, including but not limited to the following:

| Count | Date Payment Received for Patient Referrals (On or about) | Amount Received for Patient Referrals | Method of Payment |
|---|---|---|---|
| 10 | 3/11/16 | $2,000.00 | The defendant received $2,000.00 cash from confidential source as an illegal kickback payment for the referral of Medicare beneficiaries by the defendant to the confidential source. |
| 11 | 3/30/16 | $2,000.00 | The defendant received $2,000.00 cash from confidential source as an illegal kickback payment for the referral of Medicare beneficiaries. During encounter, the defendant signed 485-Forms, containing patients' identifying information and Medicare numbers, for five patients he did not treat or provide services. All five patients were in fact deceased on the dates the defendant claimed to have treated the patients. |
| 12 | 5/4/16 | $2,000.00 | The defendant received $2,000.00 cash from confidential source as an illegal kickback payment for the referral of Medicare beneficiaries by the defendant to the confidential source. |

All in violation of Title 42, United States Code, Section 1320a-7(b)(b)(1)(A).

## COUNT THIRTEEN
## OBSTRUCTION OF CRIMINAL INVESTIGATIONS OF HEALTH CARE OFFENSES
## (18 U.S.C. § 1518)

19.     The Grand Jury incorporates by reference paragraphs 1 through 8 and paragraph 12 as though fully restated and re-alleged herein.

20.     On or about July 25, 2016, in the McAllen Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

**PEDRO GARCIA**

did willfully prevent, obstruct, mislead, or delay and/or attempt to prevent, obstruct, mislead, or delay the communication of information and records relating to a violation of a Federal health care offense to criminal investigators, specifically by making false statements about payments he

received from others in relation to referrals of Medicare beneficiaries, to agents of the Federal Bureau of Investigation and the U.S. Department of Health and Human Services Office of the Inspector General, duly authorized to conduct and to engage in investigations for prosecutions for violations of health care offenses, including Title 42, United States Code, Section 1320a-7b.

All in violation of Title 18, United States Code, Section 1518.

### NOTICE OF FORFEITURE
### (18 U.S.C. § 982(a)(7))

Pursuant to Title 18, United States Code, Section 982(a)(7), as a result of the criminal offenses charged in Counts 1 through 5 and Counts 10 through 12 of this Indictment, the United States of America gives defendant,

**PEDRO GARCIA**

notice that upon conviction of a health care offense, all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such offense, is subject to forfeiture.

### Money Judgment

The defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

### Substitute Assets

The defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of a defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
MICHAEL E. DAY
ASSISTANT UNITED STATES ATTORNEY

_____
ANDREW R. SWARTZ
ASSISTANT UNITED STATES ATTORNEY